1

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF RICHMOND * CRIMINAL * PART 5

------------------------------------------

THE PEOPLE OF THE STATE OF NEW YORK

      -against-             INDICT: 0270-09

ANTHONY RUCANO,

               Defendant.

------------------------------------------


      CALENDAR CALL       County Courthouse
                         Staten Island, N.Y.
                         June 21, 2010

B E F O R E:

        HON. STEPHEN J. ROONEY,
                Justice, Supreme Court

A P P E A R A N C E S:

        DANIEL M. DONOVAN, JR., ESQ.
        District Attorney - Richmond County
        BY: ANTHONY KATCHEN, ESQ.
        and RAJ RAJASWARI, ESQ.
        Assistants District Attorney
        For the People

        EUGENE LAMB, ESQ.
        Attorney for the Defendant,
        Seven Freen Street
        Staten Island, N.Y.


                      John V. Stewart
                    Sr. Court Reporter

Proceedings                                    2

1

2          THE CLERK:  Calendar one, Anthony Rucano.

3    Indictment 270 of 20009.   Appearances?

4          MR. KATCHEN: Anthony Katchen and Raj

5    Rajaswari for the People.

6          MR. LAMB: Eugene Lamb for the defendant.

7          THE COURT: We had discussed this matter

8    earlier. Do you want to make a record as to the

9    computer issue?

10         MR. KATCHEN: Your Honor, even before that, I

11    did turn over some additional Rosario today.  I'm

12    handing to the Court a sheet which, I guess,

13    memorializes all the discovery turned over thus

14    far and will be turned over as of tonight.

15         With respect to the hard drives and the

16    Computer Crime Squad, I was in touch with a

17    detective this morning.  He has completed two of

18    the three hard drives and will be finishing a

19    third today.  I'll have that picked up by my

20    office and make it available to defense by having

21    it available at Criminal Court tomorrow morning.

22         THE COURT:  Okay.

23         MR. LAMB:  Judge, as I indicated, this

24    defendant has an old computer he can't go over

25    this stuff with.  He doesn't know exactly the

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

| | Proceedings | 3 |

format it's coming back in but it will not have

icons to go to to pull up all of the relevant

information.  He would probably have to go through

all of the hard drives in order to recover what he

believes are the relevant parts to this case.  I'm

asking for a short period of time to give him an

opportunity to do that.

THE COURT:  Give me a trial date.

MR. LAMB:  Judge, we could be ready by July

7th.

My only further request of the Court, and I

apologize for being difficult, but my further

request is because the 11th is my wedding

anniversary and I'm planning to go a away for a

short vacation, if I could have Monday the 12th

off?

THE COURT:  That's alright with me.  Does it

work for the D.A.?

MR. KATCHEN: That's fine.

THE COURT:  Fine,

THE COURT:  If you need to advance the case,

let me know.

Another thing I'd like to address, Mr.

Katchen.  I have voice mails the People sent me in

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

1                        Proceedings                    4

2       conjunction with the Molineaux application.  But

3       there is no referencing context.  I don't know

4       what phone they were made to or the date they were

5       made or what time.  All I have is the calls.  I

6       need some kind of context so I can decide if it's

7       admissible.

8            MR. KATCHEN: I can clarify that for the

9       Court.  Would you prefer that in writing?

10           THE COURT:  Yes, put it in writing.  I have

11      the voice mails and so does the defense.

12           MR. LAMB:  No.

13           THE COURT:  You don't?  It's on the list.

14           MR. KATCHEN: I gave you copies, the CDs.

15           MR. LAMB:  I'm sorry, I do have that, yes.

16           THE COURT:  Give me some kind of context and

17      we'll get on the record with that on July 7.

18           MR. LAMB:  I would ask for a copy of whatever

19      they give you.

20           MR. KATCHEN: Absolutely.

21           MR. LAMB:  The defendant also indicated to me

22      his smart phones were taken.  There are telephone

23      numbers of at least two potential witnesses on the

24      smart phones.

25           THE COURT:  What are you saying?  He doesn't

```
 1                         Proceedings                    5

 2      know the phone numbers?

 3              THE DEFENDANT:  One just moved to Florida and

 4      I only have his cell phone number.  I don't have

 5      it backed up anywhere else because they're backed

 6      up on my computers.

 7              I also don't have access to my work phone,

 8      which is only used for work and is impeding --

 9              THE COURT:  I can't help you with material

10      seized pursuant to a search warrant.  That's not

11      in front of me.

12              In terms of the trial, if he has names of

13      potential witnesses and their phone numbers, have

14      the D.A. get those back to you.

15              Does that make sense do you?

16              MR. KATCHEN: Perfect sense.

17              MR. LAMB:  The defendant has continually

18      indicated to me here he wishes to make a statement

19      to the Court.

20              THE COURT:  Why?

21              THE DEFENDANT:  It's important, Judge.

22              MR. LAMB:  I don't know what he wants to

23      say --

24              THE COURT:  You really ought to run it by

25      your lawyer.  That can be very dangerous.
```

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

Proceedings                                        6

1
2          THE DEFENDANT:  I understand.  I've

3     particularly gone over what I want to say.

4          THE COURT:  All right, I'll hear you if you

5     want to make a statement.

6          THE DEFENDANT:  Please forgive my lack of

7     knowledge of the court systems.  I'm trying to

8     explain my case in layman's terms.

9          As I tried to explain six weeks ago when the

10    District Attorney served the search warrant, my

11    lawyer told me at that time that I was going to be

12    arrested and prosecuted.

13         Six weeks have gone by.  I have not been

14    charged with any other crime.  The plaintiff

15    indicates, the person who made these accusations,

16    if they were made at the origination of the case,

17    why on the eve of trial is this being brought up?

18    That's the first thing.

19         The second thing is the plaintiff was living

20    with me and used all my computers, came to me to

21    all my job sites, used my computers at jobs, had

22    access to my E-mail and passwords, everything

23    concerning this investigation.  I don't understand

24    why after all this time this is being brought up

25    now.

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

Proceedings                                    7

I asked my attorney if there were legal steps I could take to protest this and ask them how long they can confiscate my equipment. He knew of no legal recourse I could take at this time and doesn't know how long the District Attorney can hold my equipment without charging me.

I assume there is a statute governing the amount of time they can have my equipment without charging me. The accusation I understand is only a minor charge compared to the case I'm being prosecuted for now and I feel there was some kind of misconduct there and I'm investigating that with another attorney right now.

I would like to ask the Court to ask the District Attorney when this supposed E-mail information was brought to his attention and if it was brought to his attention a long time ago, why do they wait to the eve of trial to produce it now.

My attorney informed me he provided hard drives for the District Attorney to copy my data and return it to me following their investigation. I tried to explain to my attorney the problem I'm having.

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

Proceedings                                    8

1

2          This is state of the art equipment.  I don't

3     know if I have software on a used computer to

4     access this.  I'm also sharing a home computer

5     with my three children and I don't want to be

6     prejudiced but I have to give them time on that,

7     as well.

8          I'm without phone numbers and personal hours

9     and hours, tens of hours of research was expended

10    on my defense, which is going to be an affirmative

11    defense, the fact that I was abused, physically,

12    mentally and emotionally by the plaintiff way

13    before any of the charges she brought up.  I

14    haven't been able to take that information, go to

15    private attorneys, go to investigators.

16         I have family members that are helping me

17    research this case.  For six weeks I'm unable to

18    proceed any further with my defense and I would

19    ask the Court take that into consideration.  I

20    have a common law wife and four children that I

21    still support.  I was supporting them when I lived

22    with Catherine and I support them to this day.

23    They moved back with me and I support them on a

24    daily basis.

25         I have witnesses I haven't been able to

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

Proceedings                                              9

contact.  I spent months preparing for this and

I've downloaded research on domestic violence

situations.

    There's also issues I asked my attorney

concerning my indictment.

    On September 28th, I was arrested and charged

with one crime on September 28.  On October 6,

according to the SVU reports, all the cases were

closed on October 6th and there was only one

charge against me.

    Meanwhile, Dennis O'Sullivan, my attorney of

record, received from the District Attorney

information that I was to appear on October 14 for

an indictment when I never waived my right for an

indictment.  I informed my attorney of record at

the time that I wanted to be produced at the Grand

Jury.  He has no record of receiving written

notice from the District Attorney that the Grand

Jury was going to convene and was unable to give

me the opportunity to come in to testify before

them.

    The reason I'm stating this is because --

excuse me -- because I believe that if the Grand

Jury would have heard the testimony of myself, of

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

Proceedings                         10

my couple's counselor, of witnesses I had to

attest to the fact that we were seeking help from

a couple's counselor on a regular basis for a

month prior to this, nine days before I was

arrested I took the plaintiff to Cold Haven

Resorts, a romantic weekend get-away where I have

pictures of us together.  Two days later we were

at the couple's counselor and I told the couple's

counselor I wanted to break up.  I was afraid the

violence between us was growing too strong and I

asked the counselor to speak to Catherine alone.

When I came back into the couples session the

week before I was arrested, the couple's counselor

told me that Catherine agreed to stay with me and

wipe the slate clean and leave all our problems

behind us and move forward.  Six days later we had

an argument the night before the next counseling

session, also the night before I was arrested.

I told Catherine I didn't believe we made any

progress and I told her I was going to revisit the

issue of breaking up in the counseling session the

next day, including paying for her moving

expenses, travel expenses, renting a truck,

helping her move, everything.  Because I cared

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Proceedings                                    11

about the woman a lot and I wasn't looking to

cause any harm between us.

        At that time we had already caused each other

enough harm physically, mentally and emotionally.

        That day I was supposed to go to couples

counseling.  She woke up, waited for me to get

dressed, waited for me to take her to the ferry.

I dropped her off at the ferry at 7:00 a.m..  And

two and a half hours later she calls the police

and has me arrested for these crimes.

        I'm saying there is a lot going on here that

was enough to convince the arraigning judge at the

time of the arraignment.  The D.A. asked for

$50,000 bail.  When the judge heard about the

circumstances involving this case, he gave me

$5,000 bail and admitted on the record there are

other circumstances involved in this case,

mitigating circumstances, that led to his decision

to lower my bail to $5,000.

        I'm working full-time for three and a half

years for New York City Transit.  I'm gainfully

employed.  I've been to every court session.  I

only ask your Honor that they provide me with time

to prepare for my case, as this is something that

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

Proceedings                          12

will affect my children and everybody else around

me.

I believe I'm presumed innocent and should be

given the benefit of the doubt to be able to have

time to complete preparing for this case since

it's a major case that could affect my life.

THE COURT:  We agreed on a date two and a

half weeks from now.  Hopefully, that's good

enough.  I told the lawyers if they have a reason

to advance the case, we'll do it.

MR. LAMB:  I'm stating on the record now that

if the hard drives are available for me to pick up

tomorrow morning, I'm asking the defendant to be

at my office at 1:00 o'clock tomorrow afternoon so

he can start working on them.

THE COURT:  Great.  It seems to me two and a

half weeks should be sufficient. We agreed on July

7.

As I say, if you have to advance this, let me

know and we'll do it.

THE DEFENDANT:  I would like to say one more

thing.  I hate to take your time.  Every year in

the first two weeks of July me, my common law wife

and children -- I take my vacation time at that

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

time, as well.  I am scheduled for my vacation

between July 3rd and July 15.

So instead of wasting the Court's time on the

12th, I would ask, with the D.A.'s and my lawyer's

permission and your approval, that we put it off

to the week of July 19th.  My vacation ends on the

16th.

THE COURT:  I'm leaving it on for the 7th.

The lawyers agreed on that and that's all I

require.

I'm sorry for any inconvenience, but that's

the way the criminal justice system works.  I need

a trial and we have them backed up.

In terms of what you said, to the extent any

of this is admissible, you can put it into

evidence.

In terms of your computer, I can't help you

other than insist any of materials you need for

this trial be given to you.  And we're in the

process of accomplishing that.  I can't order them

to give you back anything seized pursuant to the

search warrant.  I never saw the warrant and it's

not before me.

THE DEFENDANT:  I would like a copy of the

Proceedings                                    14

1

2      warrant.  I asked my lawyer for that and they said

3      I'm not entitled to it.  My equipment is seized

4      for six weeks and no action has been taken.

5             THE COURT:  They don't, necessarily, have a

6      time limit.

7             THE DEFENDANT:  Are you saying they can keep

8      it for three years?

9             THE COURT:  I'm told the police forensics

10     unit is going through the computer files.  And if

11     anything comes of that, I have no idea.  I haven't

12     seen the warrant.

13            If you can get Mr. Lamb a copy of the

14     warrant, do it.  I don't know if it has anything

15     to do with this case or not.

16            THE DEFENDANT:  It relates to the

17     investigation of this case.

18            THE COURT:  My understanding is it has to do

19     with, possibly, new charges.  Am I right?

20            MR. KATCHEN: That's correct.

21            MR. LAMB:  What was represented to me is the

22     possibility this may lead to an arrest for the

23     felony charge of computer trespassing, I believe

24     it is.

25            THE COURT:  I suppose that's possible.  I

Proceedings                              15

1
2       don't know.  That's why they seized it and why
3       they're going through it.
4              MR. LAMB:  That's my understanding.  As far
5       as I know, they have a statute of limitations of
6       time with which to deal with this, other than
7       perhaps some kind of a civil action at sometime
8       down the road.  And that's my understanding of the
9       limitations of our rights with regard to the
10      criminal charge.
11             THE COURT:  As I said before, you're a very
12      experienced lawyer.  I leave you to your own
13      devices in that regard.  It's not for me to
14      speculate as to what, if anything, will come out
15      of this.  I just want to make sure this trial gets
16      off the ground with both sides having the material
17      they need.  Hopefully we accomplish that before
18      the 7th.
19             I'm putting this on for the 7th for trial.
20      Give me the material regarding these voice mails
21      and if something comes up and you need to advance
22      it, give me a phone call and we'll advance it.
23      Okay?
24             MR. KATCHEN: Thank you.
25             THE DEFENDANT:  Thank you.

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V

| | Proceedings 16 |
|---|---|

1    Proceedings                                    16

2         THE COURT:   July 7.

3         THE CLERK:   Do the People move to extend the

4    order of protection?   It expires June 30.

5         MR. KATCHEN: So moved.

6         THE COURT:   I'll extend the temporary order

7    of protection.

8         THE CLERK:   Have a seat.   Don't leave.

9    You're getting a copy of your order of protection.

10   July 7th.

11                          oOo

12

13   Certified to be a true and
     accurate transcription of the
14   minutes taken in the above-
     captioned matter.

15

16                    _____
                         John V. Stewart
17                       Official Court Reporter

18

19

20

21

22

23

24

25

SUPREME COURT * RICHMOND COUNTY * CRIMINAL * PART V