SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT



| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK,<br><br>-against-<br><br>ANTHONY RUCANO,<br><br>*Defendant-Appellant.* | AFFIRMATION IN OPPOSITION TO APPLICATION FOR LEAVE TO APPEAL<br><br>A.D. No. 2011-00499<br><br>Richmond County Ind. No. 270/09 |

PAUL M. TARR, an attorney admitted to practice before the courts of this state, affirms that:

1. I am an Assistant District Attorney, of counsel to DANIEL M. DONOVAN, JR., District Attorney of Richmond County. I am familiar with the records on file in the District Attorney's Office pertaining to this indictment, and make this affirmation based upon my examination and review of those documents.

2. I submit this affirmation in opposition to defendant's pro se motion for leave to appeal from the order of the Supreme Court, Richmond County (Rooney, J.), dated December 15, 2014, denying defendant's motion: pursuant to CPL § 440.10 to vacate the judgment of conviction based on prosecutorial misconduct and ineffective assistance of counsel; for an evidentiary hearing; and for assignment of counsel in connection with the motion.

3. Defendant moved on these bases in connection with the judgment of the Supreme Court, rendered on January 21, 2011, by which he was convicted, upon a jury verdict, of Rape in the First Degree [P.L. § 130.35(1)], Criminal Sexual Act in the First Degree [P.L. § 130.50(1)], Attempted Rape in the First Degree [P.L. §§

110.00/130.35(1)], Assault in the Second Degree [P.L. § 120.05(6)], Assault in the Third Degree [P.L. § 120.00(1)], and Criminal Possession of a Weapon in the Third Degree [P.L. §§ 265.01(2), 265.02(2)]. Defendant was sentenced to an aggregate term of 12 years imprisonment, to be followed by five years of post-release supervision. He is incarcerated pursuant to this judgment.

4. As explained below, the Supreme Court properly denied defendant's CPL § 440 motion and thus he is not entitled to leave to appeal from the denial of that motion.

## FACTUAL AND PROCEDURAL BACKGROUND

3. In March 2009, defendant met the victim, Duane Katherine Ramos, though an Internet dating site. In April 2009, they began dating and the following month, they were engaged to be married. In July of that year, what had before been an argumentative, tumultuous relationship turned violent, as defendant began to subject the victim to a pattern of beatings and sexual abuse. This included violent sexual attacks in July and August 2009. The abuse culminated the following September. On September 3, 2009, defendant threatened to hit the victim with a large battery from a power tool charger, and then choked her until she lost consciousness. On September 25, 2009, defendant forced the victim to fellate him and then attempted to rape her, abandoning the effort to penetrate her only when he pulled off her clothes and saw that she was menstruating. Finally, on September 28, 2009, defendant beat the victim and then penetrated her vaginally.

4. Defendant was arrested on September 29, 2009. On October 6, 2009, he was charged, by Richmond County Indictment 270/09, with: six counts of first-degree rape as to July 17, 28 and 30, August 24, and September 21 and 28, 2009; three counts of

first-degree sexual act as to July 28 and 30, and September 25, 2009; attempted first-degree rape as to September 25, 2009; two counts of second-degree assault as to September 21 and 28, 2009; third-degree criminal possession of a weapon as to September 3, 2009; and third-degree assault as to September 3, 2009.

5. On September 8, 2010, defendant proceeded to a jury trial before the Supreme Court. On September 21, 2010, the jury found defendant guilty of first-degree rape as to September 28, 2009; first-degree criminal sexual act as to September 25, 2009; attempted first-degree rape as to September 25, 2009; second-degree assault as to September 28, 2009; third-degree criminal possession of a weapon as to September 3, 2009; and, third-degree assault as to September 3, 2009. The jury acquitted defendant of the remaining counts. On January 21, 2011, the court sentenced defendant as described above.

6. On June 27, 2013, defendant filed a counseled brief in this Court, alleging ineffective assistance of trial counsel. The People filed a brief in opposition and defendant filed a pro se reply brief. This Court has directed the People to file their supplemental respondent's brief by March 30, 2015.

## THE COURT BELOW PROPERLY DENIED DEFENDANT'S CPL § 440 CLAIMS AND HE IS NOT ENTITLED TO LEAVE TO APPEAL

7. In defendant's CPL § 440 motion, which was filed on July 15, 2104, he alleged that he received ineffective assistance of trial counsel and the prosecutor committed various acts of misconduct during the Grand Jury proceedings and at trial. The bulk of defendant's claims of ineffective trial counsel and prosecutorial misconduct are entirely record-based. Defendant also raised eight dehors-the-record claims that his

3

trial counsel was ineffective for failing to investigate: (1) the minutes of the Grand Jury proceeding, which prevented counsel from challenging prosecutorial misconduct during that proceeding; (2) the victim's medical records; (3) certain police reports and memo-book entries; (4) defendant's voice-mail messages to the victim; (5) the record of the representation provided by defendant's previous trial counsel; (6) certain sexually explicit photographs that defendant claims to have provided to counsel, which purportedly demonstrate the consensual nature of his sexual relationship with the victim; (7) defendant's emails to the victim; and (8) the nature of the victim's complaints to a physician. Defendant also moved for and evidentiary hearing and for appointment of counsel in connection with the motion. The People filed an affirmation in opposition.

8. On December 15, 2014, the Supreme Court denied defendant's motion. The court held that defendant's conclusory allegations – including that his counsel failed to investigate or adequately prepare a defense – were unsupported by documentary evidence or an affidavit, and therefore under CPL §§ 440.30(1) and (4)(b), defendant was not entitled to relief.

9. The Supreme Court properly denied defendant's motion as rife with unsupported claims. It is well settled that a defendant's failure to supply an attorney's affirmation or explain his failure to do so warrants summary denial of a motion collaterally attacking his conviction based on attorney's alleged conduct. People v. Morales, 58 N.Y.2d 1008, 1009 (1983) (no explanation for trial counsel's failure to submit affidavit). And since defendant's "self-serving allegations" were unsupported by an attorney affidavit, "under all the circumstances attending the case, there was no reasonable possibility that [his] allegations [were] true," and the Supreme Court properly

4

denied defendant's request for an evidentiary hearing. People v. Smiley, 67 A.D.3d 713, 714 (2d Dept. 2009) (citing CPL § 440.30(4)(d)). Therefore, defendant is not entitled to leave to appeal the Supreme Court's decision.

10. The People take no position with respect to defendant's request for poor person relief and assignment of counsel. However, we note this Court's Order dated October 31, 2013, which denied the same request by defendant.

11. Accordingly, this Court should deny defendant's motion for leave to appeal as without merit.

Dated: February 10, 2015
Staten Island, New York.

*[signature]*
Paul M. Tarr
Assistant District Attorney

cc: Mr. Anthony Rucano
11-A-0528
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

William A. Loeb, Esq.
Appellate Advocates
111 John Street, 9th Floor
New York, NY 10006

5

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

---

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

ANTHONY RUCANO,

Defendant-Appellant.

---

**AFFIRMATION IN OPPOSITION TO DEFENDANT'S APPLICATION FOR LEAVE TO APPEAL**

Richmond Co. Ind. No. 270/09
A.D. No. 2011-01960

---

**DANIEL M. DONOVAN, JR.**
District Attorney
Richmond County
130 Stuyvesant Place
Staten Island, New York 10301
(718) 556-6300

Paul M. Tarr
Assistant District Attorney
Of Counsel