DISTRICT ATTORNEY
RICHMOND COUNTY
RECEIVED
15 FEB 27 PM 2:30

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION: SECOND DEPARTMENT

-----------------------------------------------------------------X
People of the State of New York             :
        Respondents, :
            :
    -against-       :
            :
Anthony Rucano,       :
      Defendant-Appellant,:
-----------------------------------------------------------------X

Reply Affidavit in Support of Application To Appellate Division For Certificate Granting Leave To Appeal §450.15

Indictment No. 270-09
Year of Ind. 2009

STATE OF NEW YORK )
          ) ss:
COUNTY OF CLINTON )

Anthony Rucano, being duly sworn, deposes and says:

1. I am the defendant-appellant in the above-captioned matter, and as such, am fully familiar with the facts and circumstances surrounding this case. My information having been gathered from the facts that occurred on and off the record, and reading recent decisional law from the United States Supreme Court and other legal bases.

2. This Reply Affidavit is submitted in support of an application pursuant to CPL §§ 450.15, 460.15 --- and this Court Rules --- for a certificate granting leave to appeal to this Court from an order of the Supreme Court, Richmond County (Rooney, J.), dated December 15th, 2014, which summarily denied my CPL § 440.10 application and motion for an Evidentiary Hearing. The Notice of Entry was filed by me on January 6th, 2015.

3. I am personally familiar with the facts and statements hereinafter; I am a layman in the matter of law and seek this Court's indulgence for errors defects and faults pursuant to Section 103(C) and 2101(F) of Civil Practice Law and Rules.

1

ineffectiveness involve matters appearing on the record, while others involve matters that are outside the record. The defendant has presented a "mixed claim" of ineffective assistance (People v. Evans, 16 N.Y.3d 571, 575 n. 2, *cert. denied* --- U.S. ---, 132 S.Ct. 325) In order to properly review a defendant's claim of ineffective assistance, a court must consider all of his or her allegations – as well as the evidence the law, and the circumstances of the case – "in totality" (People v. Baldi, 54 N.Y.2d 137, 147).

7. Thus, where, as here, a defendant presents a mixed claim of ineffective assistance that depends, in part, upon matters that do not appear on the record, it cannot be said that "sufficient facts appear on the record with respect to the ground or issue raised upon such motion to permit adequate review thereof upon such an appeal" (CPL 440.10[2] [b]).

8. The People's further contention that defendant has failed to support my claims with an affidavit from trial counsel, or that defendant has not explained his failure to do so, is unsupported and a blatant misrepresentation of the papers submitted to this Honorable Court. (Aff. R. at ¶ 8-9)

9. Furthermore, the Peoples opposition (Aff. R. ¶ 7-9) are factually contradictory of themselves and create several triable issues of fact which require a hearing before the Court can decide the legal issues. See CPLR 2218, People v. Gruden, 42 N.Y.2d 214. The People concede in ¶ 7 that there are facts dehor the record, and then in ¶ 8-9 misrepresent that defendant has failed to support the dehors-the-record claims with an affidavit from his trial counsel. Whereas, documented evidence substantiate that Defendant has made attempts to reach trial counsel and has been unable to obtain an affidavit because trial counsel refuses to correspond with defendant by mail. This proof was attached to the defendant's Article 440 application as **Exhibit "3-L"**.

10. A recent N.Y. Law Journal Article Dated Wednesday, December 14th, 2014 with the

3

**my insurance! I was the patient! Furthermore, the session notes talk exclusively about me!**

14. Subpoenas were provided for the Court to issue upon a hearing that would have provided certified copies of E-Mails from Yahoo, Complaint Reports from the Police Department, and records from Ms. Moramarco; all tending to substantiate the numerous claims of ineffective assistance of counsel and fraud by Ms. Moramarco. These were forwarded in my application to Vacate the Judgment and completely disregarded by the trial court.

15. At the very least, a hearing should have been granted, and the subpoenas provided to the Court should have been issued so the Court could have received certified copies of said copies substantiating my claims. All of the claims above can be equally be construed as ineffective assistance of counsel (as they were presented in my Article 440 application), as trial counsel's failure to listen to me concerning these sessions resulted in him ignoring one of many very important lines of investigation that would have shattered the credibility of the complainant.

16. In a case such as this, where I never denied that we had sex but denied it was forced, **credibility was the central and only key component to this case**. Considering that Counts 7, 12-15, 17, 19-22 and 25, for a total of 11 counts; every one of which resulted from the testimony extracted from the inadmissible, unreliable and exculpatory "alleged diary" by ADA Katchen, were dismissed and never presented to the Trial Jurors for deliberation; trial counsel's failure not to present multiple expert witnesses that would have destroyed the credibility of the complainant, along with his failure to attack the grand jury proceedings (of which he had transcripts of) with a motion to dismiss the indictment, **can not be said to be harmless error.**

17. Furthermore, EVERY OTHER COUNT of the indictment resulting from the testimony extracted from this "alleged diary" resulted in a verdict of NOT GUILTY. (Counts 1-5, Rape in the First Degree Counts 8-9, Criminal Sexual Act in the First Degree, Count 16, Assault in the

**WHEREFORE**, for the foregoing reasons it is respectfully submitted that defendant's application for certificate granting leave to appeal be granted in all respects, and that this matter be placed on the calendar for the submission of briefs arguing facts and law, and for such other and further relief as this Court may deem just and proper.

*Anthony Rucano* (signature)

*Defendant Pro se*
Anthony Rucano
DIN # 11-A-0528
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

Sworn to Before Me This _____ Day of _____, 2015

_____
Notary Public

Harry D. Durgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires _____

7

## AFFIDAVIT OF SERVICE

**STATE OF NEW YORK)**
                           )**ss.:**
**COUNTY OF CLINTON)**

Anthony Rucano, being first duly sworn, deposes and says:

That I am the defendant, herein, and that on the date of notarization indicated below, I have placed in a sealed postpaid wrapper a true and exact copy of the enclosed papers identified as a Reply Affidavit in Support of Application to the Appellate Division for a Certificate Granting Leave to Appeal Pursuant to CPL § 450.15, addressed to the Second Department, Appellate Division and parties below, by depositing the same in a mail box here under the care, custody and control of Clinton Correctional Facility, P.O. Box 2001 Dannemora N.Y. 12929, for delivery by the United States Postal Service:

TO:   Richmond County District Attorney        Alex Donn
      Att: Appeals Bureau                      Appellate Advocates
      130 Stuyvesant Place                     Associate Appellate Counsel
      Staten Island, N.Y. 10301                111 John St, 9th Floor
                                               New York, N.Y. 10038

Sworn to before me this 24
day of Feb 2015

_Anthony Rucano_

**Anthony Rucano, 11A0528**
*Clinton Correctional Facility*
*P.O. Box 2001*
*Dannemora, NY 12929*

Harry D. Burgan
Notary Public, State of New York
No. 01DU6008379
Qualified in Clinton County
Commission Expires 6/8/2017

*NOTARY PUBLIC*

*1*