CC, Paul Tarr



Anthony Rucano 11A0528
Senior Administrative Law Clerk
Clinton Correctional Facility
P.O. Box 2001
Dannemora, N.Y. 12929
September 16th, 2015

Appellate Division, Second Department
Att: Hon. Aprilanne Agostino, Clerk
45 Monroe Place
Brooklyn, N.Y. 11201

To the Hon. Aprilanne Agostino,

I filed a copy of the Notice of Appeal Pursuant to CPLR 5601 (b) (1) with the Richmond County Clerk's office, to have the denial of the Motion to Withdraw Appellate Counsel's brief, which challenged the constitutionality of County Law § 722, CPL § 440.10(2), CPL § 440.30 and CPLR §§ 1101/1102.

I sent this Honorable Court a **COPY** of that simple 1 page "Notice of Appeal", which somehow was misconstrued to be a Leave to Appeal Application, how the two can be confused really perplexes me.

### OFFICIAL NOTICE TO RETRACT NOTICE OF APPEAL

PLEASE retract the application that simply stated **NOTICE OF APPEAL**, and was instead filed as a **LEAVE TO APPEAL**. **It was not ever intended to serve as a leave to appeal**, and as such, there is no reason why it should be filed as a leave to appeal.

I DO NOT wish this application to replace the Leave to Appeal filed by A. Alexander Donn of Appellate Advocates, and my Supplemental Leave to Appeal filed to the Hon. Judge Leslie E. Stein.

**A copy of this letter has been sent to the Hon. Deputy Clerk John P. Asiello**, and to my appellate lawyer, **A. Alexander Donn of Appellate Advocates**. Please accept my apologies for any confusion I may have caused. I certainly could not foresee that a Notice of Appeal would be misconstrued as a Leave to Appeal.

### EXPLANATION OF APPEAL I AM PURSUING

I do wish to make all parties aware that I do wish to appeal, with the Court of Appeals, my appeal Pursuant to CPLR 5601 (b) (1) filed with the Richmond County Clerk's office, to

1

TURN OVER

Thank you for your time and consideration concerning this matter.

> Most Respectfully Yours,
>
> *Anthony Rucano*
>
> Anthony Rucano and Family
> *Defendant Pro se*, DIN # 11-A-0528
> Clinton Correctional Facility
> P.O. Box 2001
> Dannemora, N.Y. 12929

Cc:  Chief Judge Hon. Jonathan Lippman

Hon. Judge Leslie E. Stein,

Richmond County District Attorney's Office

A. Alexander Donn, Appellate Advocates

CC: Paul Tarr

Anthony Rucano 11A0528
Clinton Correctional Facility
P.O. Box 2001
Dannemora, N.Y. 12929
September 16th, 2015

Hon. John P. Asiello
Deputy Clerk of the Court
Court of Appeals Hall, Eagle Street
Albany, New York 12207

Re: People v. Anthony Rucano

To The Hon John P. Asiello,

    Good Morning. I received your letter dated September 14th, 2015, concerning an alleged Leave to Appeal being filed with the Second Department.

    I filed a copy of the Notice of Appeal Pursuant to CPLR 5601 (b) (1) with the Richmond County Clerk's office, to have the denial of the Motion to Withdraw Appellate Counsel's brief, which challenged the constitutionality of County Law § 722, CPL § 440.10(2), CPL § 440.30 and CPLR §§ 1101/1102. I previously sent this Court a copy of the Notice of Appeal and Preliminary Appeal Statement with proof of Notice to the Attorney General and County Clerk, and required copies the Decision and Orders dated May 19th, 2014 and July 1st, 2015; last week. The interlocutory order made on May 19th, 2014 concerning the Motion to Withdraw Appellate Counsel's Brief is appealable pursuant to CPLR § 5501 (a) (1), as it "necessarily affects the final judgment."

    The Honorable Aprilanne Agostino somehow considered a simple 1 page "Notice of Appeal" as a Leave to Appeal. Enclosed is a copy of a letter sent to the Honorable Aprilanne Agostino and my appellate attorney A. Alexander Donn Esq. retracting that motion.

    What I find perplexing is that I sent you personally, Deputy Clerk Hon. John P. Asiello, a letter dated August 17th, 2015, concerning my application to this Court Pursuant to CPLR 5601 (b) (1), appealing the interlocutory order dated May 19th, 2014, challenging the constitutionality of County Law § 722, CPL § 440.10(2), CPL § 440.30 and CPLR §§ 1101/1102, **and you never responded to that letter**. This order became final on July 1st, 2015, when the Appellate division, Second Department, denied my direct appeal. Below is the supporting argument showing why this is appealable to this Court. I have not received any response from this Court concerning that application, even though I diligently followed all of the Court of Appeals rules concerning this application.

1

## Supporting Argument

The order made on May 19th, 2014 is appealable pursuant to CPLR § 5501 (a) (1), as it "necessarily affects the final judgment." In <u>Siegmund Strauss, Inc. v. East 149th Realty Corp.</u>, 20 N.Y.3d 37 (2012), the Court of Appeals held that if a prior order "necessarily removed the legal issue from the case …[because] there was no further opportunity during the litigation to raise the question", and for that reason the order "necessarily affected the final judgment." In the instant case, if the Court would have granted my motion to Withdraw Appellate Counsel's brief, a new attorney would have been assigned to perfect an Article 440 motion before my direct appeal, and the July 1st, 2015 decision would have never occurred. Furthermore, this appellant would have had a full and fair opportunity to have his claims of ineffective assistance of counsel and prosecutorial misconduct heard on a fully developed record, in order to meet New York's practiced standard of "representation as a whole" and "in totality" of all his claims The Court of Appeals continued its more flexible view of the CPLR § 5501 (a) (1), and the "necessarily affects the final judgment" standard in <u>Oakes v. Patel</u>, 20 N.Y.3d 633 (2013).

The fact that, as a pro-se litigant, I am not being provided with the basic status of this motion, or the motion for the assignment of counsel to represent me on this action, is not only disappointing, but neglectful. I know this Court cannot provide me legal assistance, but informing me that this application is either filed, brought in the wrong venue, or any other information is not providing legal assistance, it is simply informing me of the status of my application. These actions can only be construed as supporting the arguments I have raised, that pro-se litigants, even one as educated as myself, can not maneuver within the unworkable and convoluted procedural scheme that manifests itself in the unconstitutional laws I am challenging.

I beg this Honorable Court, in the interest of justice and equality for all indigent citizens of the State of New York, that my motion for the assignment of counsel be docketed, heard and decided, and that I be informed of the status of my appeal Pursuant to CPLR 5601 (b) (1), appealing the interlocutory order dated May 19th, 2014, challenging the constitutionality of County Law § 722, CPL § 440.10(2), CPL § 440.30 and CPLR §§ 1101/1102.

I was unduly delayed due to issues here in Clinton Correctional facility out of my control, but I am preparing a stipulation as to the record on appeal I submitted, and will be submitting said stipulation on all parties so they may address any claimed defects in said record.

Please understand, I only wish to seek justice and be provided with equal access to the Courts. I seek to be treated fairly regardless of my social status or financial income. Ever since I was assigned Eugene Lamb ESQ., an 18-B attorney who has woefully unqualified to handle my

2

case, I have been treated with bias and prejudice, simply because I did not have money for competent representation. Appellate Advocates refused, even though I practically "shoved down their throat", so to speak, all the information, affidavits from experts and proof received with the help of the Connecticut Attorney General that falsified records were submitted to the trial court under subpoena by Licensed Clinical Social Worker Anna Lorusso Moramarco, to submit an Article 440 application.

When I requested, through FOIL and multiple letters, that Appellate Advocates explain what criteria they use to determine which of the clients assigned to them by the Courts (a firm which is paid for from taxpayer dollars) they submit Article 440 applications for, **they ignored me**. Director William Leahy of the Office of Indigent Legal Services himself wrote me and said they submit approximately 50 post conviction (Article 440) motions per year. Appellate Advocates is paid for with taxpayer dollars, yet they claim they are not subject to FOIL? I am in the process of bringing them to Court so they can explain what they are not an agency under FOIL law.

I bring a motion to withdraw appellate counsel's brief, with detailed correspondence to/from Appellate Advocates, with attached exhibits showing I provided the information needed for an Article 440, and they lead me on, tell me they will discuss it with me, then submit my appellate brief on a fraction of my ineffective assistance of counsel claims.

The trial court denies my Article 440 without a hearing, stating that I could have raised the claims on direct appeal, and does not address the merits meticulously provided in a well organized and briefed Affidavit (154 pages) and memorandum of Law (120 pages), **100% clearly involving mixed claims.** Yet that court denied this Courts holding on mixed claims, as well as the appellate division.

Then to add insult to injury, when the appellate division denies leave on an Article 440 that is denied without a hearing, this Court provides no review, giving gateway authority to the lower courts to "not deal with" cases that have the potential to change the status quo in this State.

Well, I cannot lie down and accept that. I am not guilty, I will never stop fighting until all of New York State, and the entire country, knows about the crippled, unworkable and convoluted procedural scheme in this State, which is seriously prejudiced against indigent defendants, in a state with a ridiculous incarceration rate and an unbelievable amount of wrongfully convicted individuals. The real question is, if it is so hard to get a wrongfully convicted man free in New York State, **imagine how many wrongfully convicted people in this State, without the**

**educational or moral strength to fight for justice, never see justice served.** I will speak for myself and for them until justice is served.

God Bless this Court and the Great State of New York. I look forward to hearing from this Honorable Court in the near future, and of providing me with the status of this application.

Respectfully Submitted,

*Anthony Rucano* (signature)

Anthony Rucano, 11A0528
Administrative Law Clerk
Clinton Correctional Facility
P.O. Box 2001
Dannemora, N.Y. 12929

Cc: Chief Judge Hon. Jonathan Lippman

Hon. Judge Leslie E. Stein,

Richmond County District Attorney's office

A. Alexander Donn, Appellate Advocates

United States Attorney Generals Office
Att: Lisa Foster
Director of Access to Justice Initiative
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

Squires Patton Boggs (US) LLP
Att: Pro-Bono Committee, North East United States
30 Rockefeller Plaza
New York, N.Y. 10112

Davis, Polk & Wardwell, LLP
Att: Sharon Katz, Co-Chair of Pro-Bono Committee
450 Lexington Avenue
New York, N.Y. 10017

Schulte, Roth & Zabel, LLP
Special Counsel for Pro-Bono Initiatives
Att: Daniel L. Greenberg
450 Lexington Avenue
New York, N.Y. 10017