Anthony Rucano 11A0528
Attica Correctional Facility
Box 149
Attica, N.Y. 14011-0149
July 18th, 2017

Honorable Janet DiFiore
Chief Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York 12207-1095

Re: People v. Anthony Rucano, 2011-01960
Request For Extension of Time and
Synopsis of My Case

Your Honor,

I received a letter from Chief Clerk Asiello dated July 14th, 2017, stating that my Leave Application from Writ of Error Coram Nobis denied by the 2nd Dept. on April 12th, 2017 was being heard by Your Honor. This missive serves to first, request an extension of time to prepare and file Leave Application, and secondly, to provide you with a brief synopsis of my case and the relevant procedural history, as well as highlighting points deserving special attention.

Due to high security here at Attica, I have very restricted access to the law library even with special access (7-8 hours per week), which will inhibit my ability to research, prepare and file my brief in just 3 weeks. As such, I respectfully request an extension of time of an additional 3 weeks until August 25th, 2017 to prepare and submit my Leave Application.

Deputy Clerk Heather Davis, in a letter dated June 21st, 2017, responded to my June 12th, 2017 letter to Chief Clerk Asiello and informed me that the papers I submitted for Leave To Appeal from the May 19th, 2014 Order of the 2nd Dept., which sought to Withdraw Appellate Counsels Brief and Assign a new Attorney were retained in the Courts files and would be forwarded to the Judge assigned to this leave application. As such, I wanted to insure that Your Honor has received said papers and briefly explain how they are incorporated into the foundational argument asserted in my Leave To Appeal of this Writ of Error Coram Nobis.

My Writ of Error Coram Nobis was submitted in two parts, each with its own affidavit, exhibits and Memorandum of Law, and incorporates the Motion to Withdraw Appellate Counsels Brief (Appendix "B") as the foundation for asserting Appellate Counsels failures. The summary denial of my Writ of Error Coram Nobis by the 2nd Dept. has led me to present the following Question to the Court which cuts straight to my foundational argument; "Whether An Appellate Counsels Failure To Assemble A Complete Record on Appeal, In Order To Fully Investigate And Determine The Appropriate Appellate Procedures To Advance Ineffective Assistance of Trial Counsel Claims ("IATC"), Amounts to Ineffective Assistance of Appellate Counsel." ("IAAC").

I asked the 2nd Dept. to first consider the Supplemental Affidavit and Memorandum of Law before the main Affidavit and Memorandum of Law, as it formed the foundation of Appellate Counsels Failures on numerous levels. In the main applications I asked the 2nd Dept. to have Appellate Counsel provide his strategic and tactical rationale prior to the resolution of my entire application.

When this Court decided the Leave Application of the May 19th, 2014 Order to Withdraw Appellate Counsels Brief on April 4th, 2016, it decided it was Not Appealable Pursuant to CPL § 450.90(1), even though this Court granted me Permission to file a seperate Leave Application on that Order.

As the Motion to Withdraw Appellate Counsels Brief (Appendix "B") is incorporated into and an integral part of my Writ of Error Coram Nobis and provides substantial insight into Appellate Counsels Actions, I ask this Honorable Court to take Judicial Notice of the original Leave Application of the May 19th, 2014 Order standing alone in its original context, before considering my Leave Application to be submitted in the near future for my Writ of Error Coram Nobis. My reason is that I firmly believe it will give this Court a much wider perspective to my claims of Appellate counsels failure. In the unique and narrow facts and circumstances of my case, not only are the Procedural bars under CPL § 440.10 -- when applied to Ineffective Assistance of counsel -- unconstitutional, but the failure of CPLR § 1101/1102, County Law § 722(4) and CPL § 440.30 to have funded mandates for the Assignment of counsel for Post-conviction motions in this State, renders those statutes -- as applied -- unconstitutional, and will lead to their challenge under the Federal Adequacy Doctrine. Please See Supplemental Memorandum of Law in Support of Writ of Error Coram Nobis and to Expand the Record for a thorough and detailed Argument supporting this claim.

Your Honor, I can be long winded which does not serve me well. Although I am college educated at St. Johns University, I painfully lack the education, training and experience in the law necessary to properly and effectively navigate the complex and convoluted Procedural scheme in this state.

As I have argued in all my applications before this Court and in the 2nd Dept., in the unique and narrowly defined circumstances of my case, I have not been provided with counsel on my first effective appeal as of right, a Post-conviction Article 440 Proceeding, in order to properly vindicate All of my claims that dehor the record of IATC, including those or are mixed claims.

The 2nd Dept. denied my Leave Application from the trial courts erroneous denial of my Article 440, which I was forced to submit Pro-Se, and denied me an evidentiary hearing. The trial court erroneously applied both CPL § 440.30(1) and (4)(b), as well as a Procedural bar under CPL § 440.10(2)(b), stating "They are either conclusory allegations that are not supported by any documentary evidence or affidavit, or they are based upon matters that are within the record," without "clearly and expressly" resting the entirety of its decision regarding my numerous ineffective Assistance of counsel claims on Adequate and Independent state grounds, or without explaining which specific claims the court rejected on Procedural Grounds. (Garner v. Lee, 2016 WL7223335, (EDNY, Dec. 13, 2016)(Judge Pamela Chen).

Your Honor, considering the above, how do the holdings of this Court rendered in People v. Evans, reflect the 2nd Dept. relying on a firmly established state procedural rule that is regularly applied in this State when it denied me relief at multiple procedural points in my case? (Denial of Leave to Appeal of Article 440, Motion to Withdraw Appellate Counsels Brief and Denial of Writ of Error Coram Nobis).

Furthermore, how do the numerous mixed and record based claims of IATC that Appellate Counsel failed to raise, which were asserted by me in my Writ of Error Coram Nobis; not provide substantial and meritorious claims that Appellate Counsel Warren Landau was ineffective when Ⓐ 2 of the 3 claims of IATC that Appellate Counsel did raise were unpreserved for appellate review (Appendix "A"), Ⓑ The record before this Court substantiates that Appellate Counsel received direct and specific notice of record or partially record based claims of IATC in the form of affidavits from multiple experts and transcripts that he failed to investigate to determine their viability, and other records provided to him by the appellant (Motion to Withdraw Appellate Counsels Brief, Appendix "B"), and, most importantly Ⓒ Appellate Counsel failed to assemble a complete record on appeal in order to investigate, then determine the viability of any claims within, so he could then, and only then, render a tactical or strategic decision on the appropriate appellate procedures that he needed to use to <u>properly</u> and effectively challenge said claims?

Food for Thought... On June 9th, 2016, through FOIL I received a copy of the contract between the City of New York and Appellate Advocates, from Associate Counsel Molly Cohen of the NYC Mayors Office of Criminal Justice, which provided $10,595,000 in City Tax Levy Funds to pay for "Criminal defense Appellate services for indigent defendants in the 2nd Dept. of the Appellate Division, Appellate Term and New York Court of Appeals" between July 1st, 2015 and June 30th, 2017, for up to 500 annual assignments.

Appendix "B", Scope of Work, "1" Assignments, Subsection (b) of that contract clearly states "Assignments shall include <u>All</u> <u>Proceedings</u> <u>required</u> to <u>fully</u> and <u>competently</u> represent contractors clients, including additional matters assigned to contractor, such as 440 motions, habeas corpus petitions and Article 78 motions." As such, I submit that Appellate Advocates, in the narrowly defined and unique circumstances of my case, was in breach of that contract.

I respectfully request that this Honorable Court examine the four corners of the record before it, as within them lie the truth and Justice I seek. <u>Only</u> with the help of trained, competent and experienced counsel can I present the meritorious claims within in the proper context and form, and in a clear and concise manner. That would only occur if this Court grants my Leave Application so that this matter can be fully briefed.

I am seeking the help of Micah Horwitz, a Juris Doctor Candidate at Columbia Law School for assistance, who published "An Appealing Extension: Extending Martinez v. Ryan to claims of Ineffective Assistance of Appellate Counsel", 116 Columbia Law Review 1299 (June 2016), as it relates to and provides unique insight into the circumstances of my case. I'm also contacting law firms known to provide pro-bono representation on select cases.

As it takes one week for me to get extended access to law library *after* I provide a letter from this Court showing I have a deadline; I respectfully request a decision and reply on my request for an extension at the Courts earliest convienance.

God Bless this Court. I look forward to your response for an extension of time to file my Leave Application, and I thank the Court in advance for its time and consideration of my Leave Application.

Most Respectfully Yours,

*Anthony Rucano*

Anthony Rucano, 11A0528

cc: Hon. Michael E. McMahon
District Attorney, Richmond County
130 Stuyvesant Place - 9th Floor
Staten Island, N.Y. 10301

Moskowitz and Book LLP
Att: Christopher R. Neff
345 Seventh Ave, 21st Floor
New York, N.Y. 10001