In The United States District Court
For The Eastern District of New York

---

Anthony Rucano,

    Petitioner,

    -against-

J. LaManna, Superintendent of Haven Correctional Facility,

    Respondent,

---

Declaration in Support of Motion Pursuant to Rule 6(a) of the Rules Governing § 2254 Cases

Case # 18-CV-4586 (KAM)

FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ NOV 29 2018 ★ BROOKLYN OFFICE

Petitioner Anthony Rucano declares under Penalty of Perjury that the foregoing is true and correct.

1. I am the Petitioner in the above entitled action, which was commenced on August 3rd, 2018, upon filing of his Petition with the Court. I am fully familiar with the papers and proceedings in this action, which is joined and on the courts calendar.

2. I make this Declaration in Support of Motion Pursuant to Rule 6(a) of the Rules Governing § 2254 Cases seeking AN ORDER Granting Discovery Upon Good Cause shown by presenting "specific allegations" that will give this Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is...entitled to relief." Bracy v. Gramley, 520 U.S. 899, 904, 908-909 (1997)(Quoting Harris v. Nelson, 394 U.S. 286, 300 [1969]).

3. In addition, the petitioner "bears a heavy burden in establishing a right to discovery" Renis v. Thomas, 2003 WL22358799 at *2 (S.D.N.Y. 2003) (citing Bracy, 520 U.S. at 904) as "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actully advance his claims of error'" Ruine v. Walsh, 2005 WL 1668855 at *6 (S.D.N.Y. 2005)(Quoting Charles v. Artuz, 20 F.Supp.2d 168, 169 [E.D.N.Y. 1998]).

1

4. First, the Petitioner seeks discovery of certified copies of records I attached as exhibits to my post-conviction motion to vacate the judgment that prove falsified records were submitted in response to a subpoena by Licensed Clinical Social Worker Anna Lorusso-Moramarco (ECF Assigned Document [A.D.] No. 9-22, Ex. "2-X", Subpoena; A.D. No. 9-18, Article 440 Affidavit ["440 Aff."] at ¶ 541).

5. The communications and records that were sent to and received from the Connecticut Attorney Generals Office, who assisted me in obtaining health insurance records from AETNA proving my claims, represent "specific Allegations" that give this Court "reason to believe...if the facts are fully developed [that I may] be able to demonstrate [I am]... entitled to relief (<u>Bracy</u>, 520 U.S. at 904, 908-909)(A.D. No. 9-22, Exs. "3-B", "3-C", "3-D"; A.D. No. 9-18, 440 Aff. at ¶ 541-555).

6. As the falsified session notes, submitted under subpoena fraudulently listed the complainant, Duane Ramos, as the patient, and my AETNA Insurance Records establish that these sessions, coded and billed as being "Individual" sessions and show that Ms. Ramos was **never** a covered member of my Insurance plan; I have established by clear and convincing evidence that Ms. Moramarco falsified the session notes and is guilty of multiple crimes, some felonies, under New York State Law (A.D. No. 9-21, Ex. "1-R"; A.D. No. 9-22, Exs. "2-S", "2-T", "2-W" [session notes]; A.D. No. 9-18, 440 Aff. at ¶ 167, 250-254, 491-499, 541-555).

7. In further support of L.C.S.W. Moramarcos fraudulent conduct is an affidavit that she submitted in response to a civil action I had initiated against her in Richmond County Supreme Court (Index # 102435-12), where she swore under penalty of perjury that "at no time did she ever provide services to me in a couples counseling capacity or in any capacity"; which fails to explain how she obtained and billed my private health insurance,

2

of which only me and my children were covered members! (A.D. No. 9-22, Ex. "3-A" [Affidavit]; A.D. No. 9-18, 440 Aff. at ¶ 547-550, also see 551-555). The session notes speak mostly about me, supporting the fact that I was the patient and that Ms. Moramarco fraudulently listed Ms. Ramos as the patient, as Ms. Ramos had her own individual sessions with Ms. Moramarco, which all were on different days, billed to her own private health insurance (A.D. No. 9-22, Ex. "2-S", 440 Aff. at ¶ 492-493, 542-543, 550).

8. I notified multiple Richmond County District Attorneys about this fraud, which amounts to criminal conduct, of Anna Lorusso-Moramarco over the years. I have attached copies of the letters I wrote to them to my Habeas Corpus Petition as Exhibit "A" (see Habeas Petition, Pages 53-54). Not one of them ever replied to my letters, even though I attached copies of documents received from the Connecticut Attorney General substantiating my claims. Upon information and belief, this is only the tip of the iceberg of Prosecutorial Misconduct showing "above the water", and indicates a much larger volume of misconduct "hidden under the surface of the water", as I explain in my Habeas Petition, which starts at the inception of my case at the grand jury.

9. The claims above coupled with the ones described below, along with the rest as presented in my Habeas Petition which were all fully presented to the lower state courts, were all "rubberstamped" when the trial court erroneously failed to order an evidentiary hearing by applying procedural bars inappropriately (see Habeas Petition at Pages 50-52). This all fully supports my claims of the Convoluted Statutory and Procedural Scheme in New York State, which works to prevent the vindication of substantial federal constitutional rights and can only be addressed effectively by applying the Doctrine of Structural and Procedural Adequacy.

3

10. Second, my appellate attorney provided me with the court file contents as part of the record on appeal it obtained, and within that file was a notice Pursuant to CPL § 190.50(5)(a)(b) allegedly served on my attorney on 9/30/09 which informed me of date and time I could testify at the Grand Jury. It was copied crooked by the District Attorneys office before being filed with the court, which omitted the top left part of the page (A.D. No. 9-20, Ex. "1-D"; A.D. No. 9-18, 440 Aff. at ¶ 117, 171, 174, 181-182, 188, 190-192).

11. It was impossible for this notice to have been served on my attorney as I was never assigned an attorney and never saw a judge on 9/30/09, as I was brought back to the precinct until the next day and first saw a judge an attorney after 3 PM on 10/1/09 (A.D. No. 9-18, 440 Aff. at ¶ 115-121).

12. After my conviction I submitted FOIL requests to obtain various grand jury records (A.D. No. 9-20, Ex. "1-J"; A.D. No. 9-18, 440 Aff. at ¶ 134-137).

13. In response the Richmond County District Attorneys Office, once in 2011 and once in 2012, provided me a complete and uncut copy of the CPL § 190.50(5)(a)(b) notice allegedly served on my attorney (which I did not have at the time). It reveals the top left of the page which was copied crooked and omitted on the copy on file with the court, and shows a date and time fax stamp indicating it was faxed on "SEPT-10-2009 10:50", almost 3 weeks before I was arrested! (A.D. 9-20, Ex. "1-I"; A.D. No. 9-18, 440 Aff. at ¶ 134-143).

14. As the date on the notice indicating when it was allegedly prepared, 9/30/09, looks noticably altered, and the date indicating when I could have testified, 10/5/09, looks even more noticably altered, the request I am making from this court below, which can certifiably substantiate that this

4

notice was indeed faxed at 10:50 on Sept. 10. 2009, after being altered to provide false proof of service on me and before being submitted to the trial court; can not be construed as a fishing expedition.

15. This false proof was submitted to cover-up the prosecutorial misconduct of ADA Katchen in the grand jury on multiple levels, which usurped the grand jurys fact finding process by allowing the witness to take the stand with and read from a "book", which was eventually revealed to be a diary, without it being marked for identification to bypass the rules of evidence and rules involving past recollection recorded. This inappropriately allowed the complainant to use it to testify from as the "truth of the matter asserted" without laying the required foundation, as it was otherwise inadmissible; and the complainant had significant cause, reason and purpose to deviate from the truth (A.D. No. 9-18, 440 Aff. at ¶ 150-269; A.D. No. 9-18 & 9-19, 440 Mem. at Pgs. 3-32)(see also Habeas Petition, Pgs. 17-20).

16. Ultimately, this Prosecutorial Misconduct led to retroactive misjoinder and prejudical spillover (see Habeas Petition at Pgs. 21-24), as without the diary to read from at trial, the complainant could not remember the lies she recorded in it when testifying at trial. This resulted in 11 of 19 sex crimes, solely born from fraudulent entries in the diary, being dismissed for lack of evidence at the charge conference. ADA Katchens actions consisting of leading questions designed to meet the statutory elements of various counts "stacked the deck" with charges he knew had no substance or merit, and his actions in allowing the witness to take the diary to the stand to read from at the grand jury, obvious when reviewing the grand jury transcripts, was highly unethical and improper. As the petit jury found me "not guilty" of the remaining 8 of 19 sex crimes born exclusively from the diary at the grand jury, prejudicial spillover is apparent. Making matters worst, the actions of ADA Katchen in "stacking the deck"

allowed him to further bolster his case with the presentation of an expert on Battered Womans Syndrome which would have been otherwise inadmissible.

17. The information above is necessary for context (Id. at 15-16), but please keep in mind that it only represents the tip of the iceberg of prejudice that I suffered, as these issues had a dmono effect of prejudice that permeated my entire trial; issues I have painstakingly presented to this court in the Habeas Corpus Petition before you.

18. My petition is the culmination of an Eight (8) year long battle in the lower courts of New York State made in my pursuit of justice. The exposure of this corruption emanating from the Richmond County District Attorneys Office, and specifically from ADA Katchen, can not be allowed to stay hidden under the surface of the water. The icebergs true depth must be revealed as the danger of "Titanic" proportions that it is to all defendants rights to a fair and impartial trial from from Prosecutorial Misconduct, Abuses and Excesses. My common-law wife of 31 ½ years, God rest her soul, sat in trial with my daughters confident in my innocence, and she will not rest, nor will I, until justice is served.

19. I submit that this Court should order discovery, in-camera if necessary, for the production of fax records of the Richmond County District Attorneys office phone lines (lines used to fax by ADA Katchen in 2009), for Sept. 10, 2009 between 9 AM and 12 PM, in order to determine what phone # was faxed that CPL § 190.50 notice at 10:50 AM, as it will reveal what lawyer and/or law firm received the fax. If possible, a copy of said fax may be possibly obtained for comparison purposes. Either way, just being able to determine who received the fax that day will show it was not any attorney assigned to me, as this was 3 weeks before i was arrested.

20. Your Honor, it is only a matter of time until this fraudulent "house of cards" comes tumbling down around the Richmond County District

Attorneys feet, and the feet of ADA Anthony Katchen. The only real question is that when the dust settles, how many other "bodies buried" underneath the surface will spring forth into the light, thereby revealing the true depth and scope of prosecutorial misconduct occurring. Only time will tell.

21. In conclusion, I believe that the facts presented here, considered in conjunction with the record based support I have drawn the courts attention to establishing the veracity of the claims I have asserted, has provided this court with substantial proof in the form of clear and convincing evidence that the petitioner has bourne his "heavy burden in establishing a right to [the] discovery" that he seeks (Renis v. Thomas, supra; citing Bracy, 520 U.S. at 904). Furthermore, the petitioner has shown that he is not on a fishing expedition (Ruine v. Walsh, supra; citing Charles v. Artuz, 20 F.Supp.2d at 169).

WHEREFORE, as the petitioner has demonstrated Good Cause Shown by presenting specific allegations that give this Court reason to believe that the Petitioner may, if the facts are fully developed, that he may be able to demonstrate that he is entitled to relief, he respectfully requests that this Cout issue AN ORDER granting the discovery requested herein, and for such other and further relief that this Court deems just and proper.

Pursuant to 28 U.S.C. § 1746, I declare under Penalty of Perjury that the foregoing is true and correct.

Signed this 23rd Day of November, 2018

Respectfully Submitted,

*Anthony Rucano*

Anthony Rucano, Pro-Se, 11A0528
Green Haven Corr. Facility
P.O. Box 4000
Stormville, N.Y. 12582-4000