UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY RUCANO,

                              Petitioner-Defendant,

        -against-

J. LAMANNA,

                                   Respondent.

18-CV-04586 (KAM)

**AFFIDAVIT IN OPPOSITION TO MOTION FOR DISCOVERY PURSUANT TO RULE 6**

STATE OF NEW YORK    )
                                  SS:
COUNTY OF RICHMOND  )

    **ALEXANDER FUMELLI**, being an attorney duly admitted to practice law in the State of New York and the federal court of the Eastern District of New York, deposes and says:

    1.    I am a duly appointed Assistant District Attorney in and for the County of Richmond, State of New York. Having reviewed the papers and records on file in the Richmond County District Attorney's Office pertaining to the underlying case of <u>People v. Anthony Rucano</u>, Richmond County Indictment 270/2009, I make this affidavit upon personal knowledge and upon information and belief based upon my examination of said records.

    2.    This Affidavit and the accompanying Memorandum of Law are submitted for the respondent in opposition to petitioner's November 23, 2018, motion for additional discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

    3.    Petition's motion was filed in conjunction with his pro se motion for a writ of habeas corpus seeking release from custody pursuant to a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered on September 21, 2010, convicting him, after a jury trial, of Rape in the First Degree [P. L. § 130.35(1)], Criminal Sexual Act in the First Degree [P.

L. § 130.50(1)], Attempted Rape in the First Degree [P. L. §§ 110/130.35(1)], Assault in the Second Degree [P. L. § 120.05(6)], Assault in the Third Degree [P. L. § 120.00(1)], and two counts of Criminal Possession of a Weapon in the Third Degree [P. L. §§ 265.01(2), 265.02(2)]. Petitioner was sentenced on that date to concurrent prison terms of 12 years' imprisonment each for first-degree rape and first-degree criminal sexual act, with each sentence to be followed by five years of post-release supervision; eight years' imprisonment for attempted first-degree rape, to be followed by five years of post-release supervision; five years' imprisonment for second-degree assault, to be followed by three years of post-release supervision; one to three years' imprisonment for third-degree criminal possession of a weapon; and one year's imprisonment for third-degree assault.

4. As discussed in the accompanying Memorandum of Law, defendant's motion provides no legal basis for the additional discovery he requests.

WHEREFORE, defendant's motion should be denied in its entirety.

Dated:    Staten Island, New York
          December 21, 2018

>                                    Respectfully Submitted,
>                                    MICHAEL E. McMAHON
>                                    DISTRICT ATTORNEY
>                                    RICHMOND COUNTY
>                                    Attorney for the Respondent
>                                    130 Stuyvesant Place
>                                    Staten Island, NY 10301
>
>                                    By: ECF  *Alex Fumelli*
>                                    Alexander Fumelli
>                                    Assistant District Attorney
>                                    *Of Counsel*

To:   Anthony Rucano
      11-A-0528
      Petitioner Pro Se
      Green Haven Correctional Facility
      594 Route 216
      Stormville, NY 12582

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY RUCANO,

                              Petitioner-Defendant, | 18-CV-04586 (KAM)

        -against- | **MEMORANDUM OF LAW**

J. LAMANNA,

                                       Respondent.

**POINT:**
**PETITIONER'S MOTION OFFERS NO LEGAL BASIS FOR THE DISCOVERY HE SEEKS AND SHOULD BE DENIED.**

"'Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry.'" Bracy v. Gramley, 520 U.S. 899, 909 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 299 [1969]). Habeas Corpus Rule 6 – holding that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery" – is meant to be consistent with that principle. Bracy, 520 U.S. at 909.

In Bracy, the petitioner sought discovery on a claim of judicial bias with respect to a state trial judge. To be granted such discovery, a petitioner must rebut the presumption that the public official has properly discharged his or her official duties. United States v. Armstrong, 517 U.S. 456, 464 (1996). The Bracy petitioner did so by "support[ing] his discovery request by pointing not only to [the judge's] conviction for bribe-taking in other cases, but also to … 'specific

4

allegations'" of corruption detailed in the opinion and supported by evidence. Bracy, 520 U.S. at 909.

Petitioner makes no such showing here. At the outset, he does not explain to the Court what benefit he expects such a fishing expedition to unveil. He already has a copy of the social worker records he describes in Paragraph 4; he fails to explain, in Paragraph 6 and 7, how the billing of the victim's therapy sessions has any bearing on his case.

Meanwhile, petitioner's conjecture (Paragraphs 10-14) that the notice of his right to testify before the grand jury was somehow falsified is similarly unavailing. That the date stamp on a fax failed to match a date on which defendant appeared in court is, as the People explain in their response to defendant's habeas petition, of no obvious significance. Nor is there any reason to believe that a complaint-drafting prosecutor's handwritten "alter[ing]" of the handwritten date on which defendant would be invited to testify suggest any sort of wrongdoing on the part of the prosecutor. More importantly, it is not apparent how "a complete and uncut copy" of such record would in any way inform defendant's understanding of a document he already has in his possession.

Petitioner's remaining grounds for further discovery rehash unsupported claims of misconduct alleged in defendant's petition that, even if factually true, would not constitute misconduct. All in all, the claims are "too speculative to warrant discovery." Bracy, 520 U.S. at 909.

**CONCLUSION**

The motion should be denied in its entirety.

Dated:  Staten Island, New York
        December 21, 2016

                                            Respectfully Submitted,

                                            MICHAEL E. MCMAHON
                                            DISTRICTATTORNEY
                                            RICHMOND COUNTY
                                            Attorney for the Respondent
                                            130 Stuyvesant Place
                                            Staten Island, NY 10301

                                            By: ECF *Alex Fumelli*
                                            Alexander Fumelli
                                            Assistant District Attorney
                                            *Of Counsel*

To:  Anthony Rucano
      11-A-0528
      Petitioner Pro Se
      Green Haven Correctional Facility
      594 Route 216
      Stormville, NY 12582