Rec'd 12/21/18

ANTHONY RUCANO 11A0528
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582-4000

December 14th, 2018

18-CV-4586 (KAM)

RECEIVED DEC 21 2018 PRO SE OFFICE

FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ DEC 21 2018 ★ BROOKLYN OFFICE

To the Pro-Se Clerk,

Enclosed you will find a Notice and Declaration in support of Motion, pursuant to Rule 7(A) of the Rules Governing §2254 Cases, with three exhibits and a Certificate of Service showing all parties have been served.

As of today, December 14th, 2018, I have not received the Respondent's Reply, which was due on December 10th, 2018 pursuant to this Courts Order issue on November 29th, 2018 (Docket #13).

I have not received confirmation from the Court concerning the receipt and/or calendaring of my Rule 6(A) motion, nor have I been notified of any action on my objections to an incomplete record submitted by the Respondents.

I respectfully request notification of the status of these matters via an updated copy of the docket sheet, and, if it pleases the Honorable Court, possibly a phone conference to resolve the glaring deficiencies in the record provided by the Richmond County District Attorney's Office.

I apologize if I am acting prematurely, as I have no experience in litigation of a Federal Habeas Corpus and am self-taught. I thank the Court for its time and patience with me. I only wish to insure I assert and preserve all things pertaining to this procedure.

God Bless You and thank you for your time. Happy Holidays

cc: File

Respectfully Yours,
Anthony Rucano

Exhibit "A" = Letter from NYC Mayors Office

Exhibit "B" = Letter from Office of Indigent Legal Services

Exhibit "C" = Affidavit of Services and Verification for Filing of First Amended and Supplemental Verified Petition



**Mayor's Office of Criminal Justice**

One Centre Street, 10th Floor  RM 1012 N
New York, NY 10007
646 576 3534 tel

Elizabeth Glazer
Director

June 9, 2016

Anthony Rucano 11A0528
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

RE:   *April 8, 2016 Freedom of Information Request*

Dear Mr. Rucano:

I write in response to your Freedom of Information request dated April 8, 2016. I am providing the following document:

1. Contract between the City of New York and Appellate Advocates, dated May 19, 2015.

Employee Identification Numbers have been removed from the above documents.

You may appeal this determination in writing within thirty days by addressing such an appeal to Henry Berger, Records Appeals Officer -- HBerger@cityhall.nyc.gov.

Very truly yours,

Molly Cohen
Associate Counsel



**Andrew M. Cuomo**
Governor

STATE OF NEW YORK
**OFFICE OF INDIGENT LEGAL SERVICES**
STATE CAPITOL, ROOM 128
ALBANY, NEW YORK 12224
Tel: (518) 486-2028    Fax: (518) 474-5050
E-Mail: info@ils.ny.gov
http://www.ils.ny.gov

**William J. Leahy**
Director

**Joseph F. Wierschem**
Counsel

*Improving the Quality of Mandated Representation Throughout the State of New York*

September 13, 2017

Anthony Rucano
#11-A-0528
Box 149
Attica, NY 14011-0149

Re: **Your recent letter**

Dear Mr. Rucano:

In response to your recent letter, enclosed please find ILS Appellate and Best Practices. Note that these standards encompass post-conviction representation, which you asked about, and they describe the standards attorneys should aspire to, but go beyond what is constitutionally required in providing effective representation. Also enclosed are standards set forth by the New York State Defenders Association, in response to your request for information about trial/18-B standards. Your request for additional literature, statistics, and information exceeds the scope of what we can provide in response to informational requests. However, I do hope that the two sets of standards enclosed are helpful. Thank you.

Very truly yours,

Cynthia Feathers

Enc.

*Matthew Alpern*
Director of Quality
Enhancement,
Criminal Trials

*Peter W. Avery*
Manager of
Information Services

*Angela Burton*
Director of Quality
Enhancement, Parent
Representation

*Andrew Davies*
Director of Research

*Tammeka Freeman*
Executive Assistant

*Risa Gerson*
Director of Quality
Enhancement,
Appellate and Post-
Conviction Litigation

*Karen Jackuback*
Grants Manager

*Joanne Macri*
Director of Regional
Initiatives

"The right... to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours."
*Gideon v. Wainwright, 372 U.S. 335, 344 (1963)*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF WYOMING )

_Anthony Rucano_, being duly sworn, deposes and says: that on this 25th day of August, 20 17, I have served true and exact copies of the foregoing documents: First Amended and Supplemental Verified Petition, Index # 1063-16, And Motion to Amend Pursuant to CPLR § 3025 And for Amended Order to Show Cause

upon the below listed person(s), to wit:
Attorney General of the State of N.Y.
ATT: Attorney General John F. Moore
The Capitol
Albany, N.Y. 12224-0341

by placing same in postage prepaid envelopes and depositing in the U.S. Mail at Attica Correctional Facility.

DATED: August 25th, 20 17

Yours etc.

_Anthony Rucano_
Anthony Rucano, 11A0528
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

SWORN TO THIS 25th
DAY OF August, 20 17
See verification Attached

NOTARY PUBLIC

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF WYOMING )

__Anthony Rucano__, being duly sworn, deposes and says: that on this 2nd day of September, 2017, I have served true and exact copies of the foregoing documents: Title Page, Table of Authorities, Table of Cases and Point 5, including Numbered Summary Pages (Pgs. For First Amended and Verified Petition - Index No. 1063-16

upon the below listed person(s), to wit:

| | |
|---|---|
| N.Y. State Attorney Generals Office | Albany County Supreme Court |
| Asst. Atty. General John F. Moore | Albany County Courthouse |
| The Capitol | ATT: Special Term Clerk |
| Albany, N.Y. 12224-0341 | 16 Eagle St |
| | Albany, N.Y. 12207 |

by placing same in postage prepaid envelopes and depositing in the U.S. Mail at Attica Correctional Facility.

DATED: September 2nd, 2017

Yours etc,
_Anthony Rucano_
Anthony Rucano 11A0528
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

SWORN TO THIS 2
DAY OF September, 2017

_____
NOTARY PUBLIC

BRIAN HEMBROOK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HE6342568
Qualified In Erie County
My Commission Expires 05-31-2020

## Verification When Notary Is Not Available

I, **Anthony Rucano**, am a prisoner of the State of New York, currently incarcerated at **Attica** Correctional Facility, which is located at **P.O. Box 149**, **Attica**, New York **14011-0149**, and my ability to acquire the services of a notary public is entirely under the control of the New York State Department of Corrections & Community Supervision staff and officials. I have made several attempts to obtain a notary public via Law Library as well as requesting the same to my company officer and other officials at my facility.

Contrary to the decision handed down by the U.S. Supreme Court in <u>Bounds v. Smith</u>, 430 U.S. 817, 824-825, 97 S.Ct. 1941, 1946 (1977), I have not received such services to date, nor have I been advised as to how or when the next available Notary Public Services will be forthcoming.

THEREFORE, I must verify the enclosed Documents and/or Affidavit of Service by the method approved in the decision of <u>People v. Sullivan</u>, 56 NY2d 378 (1982), to wit:

> I verify that the foregoing Documents and/or Affidavit of Service are true and correct to the best of my knowledge, and that I base them upon facts that I personally know, or believe in good faith to be true. I further declare and/or verify that any false statements made herein are to be punishable as a Class A Misdemeanor Pursuant to P.L. § 210.40. I further understand that to offer or present the foregoing documents to a judicial officer, knowing that it contains any false statement(s), is also punishable as a Class A Misdemeanor Pursuant to Penal Law § 175.30.

Executed on this **25th** day of **August**, 20**17**

Documents Attached For Verification
1. **First Amended and Supplemental Verified Petition**
2. **Affidavit of Service**
3. _____
4. _____
5. _____

*Anthony Rucano*
**Anthony Rucano**, **11A0528**
**Attica** Correctional Facility
**Box 149**
**Attica**, New York **14011-0149**

```
In The United States District Court
For the Eastern District of New York
```
----------------------------------------

| | |
|---|---|
| Anthony Rucano, <br>        Petitioner, <br><br>  -against- <br><br>J. LaManna, Superintendent of Green Haven Correctional Facility, <br>        Respondent, | Declaration in Support of Motion Pursuant to Rule 7(a) of the Rules Governing § 2254 Cases <br><br>Case # 18-CV-4568 (KAM) |

----------------------------------------

  Petitioner Anthony Rucano declares under Penalty of Perjury that the foregoing is true and correct.

  1. I am the Petitioner in the above entitled action, which was commenced on August 3rd, 2018, upon filing of his Petition with the Court. I am fully familiar with the papers and proceedings in this action, which is joined and on the courts calendar.

  2. I make this Declaration in Support of Motion Pursuant to Rule 7(a) of the Rules Governing § 2254 Cases seeking an ORDER Expanding the Record Upon Good Cause Shown to include additional material relevant to the merits of this Petition, which will give this Court reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. <u>Rodriguez v. Marshall</u>, 2009 WL1424260 (E.D. Cal. 2009)(Under Rule 7, a Federal Court "may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition."); Quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 487 (1986)(Habeas Rule 7 is a "simplifying procedure" designed to "minimize the burden to all concerned" of the fact development process).

  3. Habeas Rule 7(a) was amended in 2004 to clarify that the district court may "expand the record to assist in deciding an issue other than the merits of the petition." Adv. Comm. Notes to Rule 7 (2004 Amendments).

              1

4. Some of the documents that I seek to expand the record with were submitted with my Statement in Support of Certificate Granting Leave To Appeal Writ of Error Coram Nobis and to Expand the Record as exhibits on August 20th, 2017 (A.D. No. 9-58). The Richmond County District Attorney never objected to the introduction of two (2) extra-record exhibits that I attached to it as Exhibit "3-F" (Contract between the City of New York and Appellate Advocates), and Exhibit "3-G" (New York State Office of Indigent Legal Services Appellate Standards and Best Practices 2015).

5. The other document that I seek to expand the record with was submitted with my Supplemental Statement in Support of Certificate Granting Leave To Appeal Writ of Error Coram Nobis and to Expand the Record as an exhibit on October 5th, 2017 (A.D. No. 9-59). This exhibit was my First Amended and Supplemental Verified Petition (Index # 1063-16) filed in Albany County Supreme Court challenging the constitutionality of various laws in New York State that collectively prevent the assignemnt of counsel to indigent inmates in post-conviction proceedings. The Richmond County District Attorneys Office never objected to the introduction of this with my Leave Application either.

6. The Richmond County District Attorney's Office submitted the above exhibits as part of the record on appeal to this court, incompletely, as described above by pointing to the relevant Assigned Document Numbers (A.D. No.) incompletely, as I have notified this Court and their office about in my November 26th, 2018 letter with report addressing this. As such, they should be acknowledged and/or certified as being part of the record on appeal and made available for review in determining this matter.

7. As these records were only introduced and submitted by me for the first time in the above leave applications to the New York State Court of Appeals; I seek to have them officially acknowledged by this Court as

2

being relevant to the claims I have raised in my Petition and instructive to this Court in determining my argument concerning New York States Convoluted Statutory and Procedural Scheme as being Structurally and Procedurally Inadequate under the Federal Adequacy Doctrine.

8. As this Honorable Court, in Miller v. Graham, 2018 WL 3764257, *11, fn. 8 (E.D.N.Y., Aug. 8th, 2018), made a ruling that only "[c]laims specified in petitioner's habeas papers [will be] the only claims this court will review," in relation to Mr. Miller providing "[n]o language about incorporating any other ineffective assistance of counsel arguments made below," the addition of these extra-record documents along with the amending and/or supplementing of my Habeas Corpus Petition will be necessary in order to have this court review the totality of my ineffective assistance of trial and appellate counsel claims; as I have only referenced and not incorporated all of my ineffective assistance of trial and appellate counsel claims directly in my Habeas Corpus Petition.

9. Under Rule 7(b), "materials that may be required include letters predating the filing of the petition, documents, exhibits and answers under oath to written interrogatories prepounded by the judge. Affidavits may also be submitted and considered as part of the record." This is consistent with 28 U.S.C. §§ 2246 & 2247 and the decision in Raines v. United States, 423 F.2d 526, 529-530 (4th Cir. 1970) with regard to types of material that may be considered upon application for a Writ of Habeas Corpus. See, United States v. Carlino, 400 F.2d 56, 58 (2nd Cir. 1968), and Machibroda v. United States, 368 U.S. 487 (1962).

10. As the Richmond County District Attorney never opposed my submission of these documents with my Leave Application to the New York State Court of Appeals, and has further provided them to this Court as part of the record on appeal; this Court should expand the record to include them.

3

11. As all of these documents can be easily certified as true and correct copies,

    (A) The Contract between the City of New York and Appellate Advocates was provided by Associate Counsel Molly Cohen of the NYC Mayors Office for Criminal Justice, One Centre St., 10th Florr, New York, New York 10007. (Exhibit "1-A")

    (B) Office of Indigent Legal Services, Appellate Standards and Best Practices - 2015, was provided by Cynthia Feathers of the Office of Indigent Legal Services, State Capitol, Room 128, Albany, N.Y. 12224 (Exhibit "1-B").

    (C) First Amended Supplemental and Verified Petition (Index No. 1063/16), was filed with the Clerk of the Albany County Supreme Court, 16 Eagle Street, Albany, N.Y. 12207 (see Affidavit of Service, Exhibit "1-C"),

any review by the Richmond County District Attorney under Rule 7(c), and any subsequent attempt to deny their correctness will be meritless, as the Court can aunthenticate these materials, as described above, as it is authorized to do under Rule 7(a).

12. Good Cause Shown for the expansion of the record with these documents consists of their ability to provide context and "connect the dots" to explain how the convoluted statutory and procedural scheme in NY State works to stifle and/or prevent the vindication of federal constitutional rights to the effective assistance of counsel, and the due process rights to a fair trial for all indigent defendants in NY State; a right which can only be restored through the application of Structural and Procedural Adequacy.

13. The contents of the First Amende and Verified Petition, soon to be refiled in New York County, will provide this Court with a detailed synopsis of how all my claims fit together, and is an important tool in this Court deciding the merits of my petition as it expands greatly upon Point Two of my Habeas Petition (see Pages 55-57). I pray this Honorable Court will review these documents in the course of these proceedings.

WHEREFORE, as the Petitioner has shown good cause shown to include additional material relevant to the merits of this petition, which will give this Court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, he respectfully requests: AN ORDER Expanding The Record herein, and for such other and further relief that this Court deems just and proper.

Pursuant to 28 U.S.C. § 1746, I declare under Penalty of Perjury that the foregoing is true and correct.

Signed this __14th__ Day of __December__, 2018

Respectfully Submitted,

*Anthony Rucano*

Anthony Rucano, Pro-Se, 11A0528
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

5

In The United States District Court
For The Eastern district of New York
-----------------------------------
Anthony Rucano,

                  Petitioner,

   -against-

J. LaManna, Superintendent of Green
Haven Correctional Facility,

                  Respondent,
-----------------------------------

Notice of Motion Pursuant To Rule 7(a) of the Rules Governing § 2254 Cases

Case # 18-CV-4586 (KAM)

     PLEASE TAKE NOTICE, that upon the accompanying Declaration in Support of Motion and Argument of Law, and upon the pleadings and all the prior papers by and between the parties, the Petitioner will move for AN ORDER Pursuant to Rule 7(a) of the Rules Governing § 2254 Cases, Expanding the Record upon Good Cause Shown to include additional material relevant to the merits of the petition, which will give this Court reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief, and for such other and further relief that this Court deems just, proper and equitable.

Dated: __December 14th__, 2018
       Stormville, New York

Respectfully Submitted,

_Anthony Rucano_
Anthony Rucano, 11A0528
Green Haven Corr. Facility
P.O. Box 4000
Stormville, N.Y. 12582-4000

cc: Attorney General of the State of N.Y.
    The Capitol
    Albany, New York 12224-0341

    Richmond County District Attorney
    130 Stuyvesant Place
    Staten Island, N.Y. 10301

United States District Court
For the ~~Northern~~ Eastern District

U.S.C.A. Docket No __18-CV-4586__ (__KAM__) (____)           Certificate
                                                              of Service
--------------------------------------------------

__Anthony Rucano__

~~Plaintiff~~ Petitioner,

v.

__J. La Manna, Superintendent of Green Haven Correctional Facility__,

~~Defendants~~ Respondent
--------------------------------------------------

I, __Anthony Rucano__, hereby certify under Penalty of Perjury that on the __14th__ day of __December__, 20__18__, I served by United States Mail __Motion Pursuant to Rule 7(A) of the Rules Governing §2254 Cases__ on the following parties,

| | |
|---|---|
| Attorney General of the State of N.Y. | Richmond County District Attorney's Office |
| The Capitol | Att: Alexander J. Fumelli, Asst. Dist. Atty. |
| Albany, N.Y. 12224-0341 | 130 Stuyvesant Place, Suite 7 |
| | Staten Island, New York 10301-1900 |

Respectfully Submitted,

*Anthony Rucano*

__Anthony Rucano__, __11A0528__
__Green Haven__ Correctional Facility
__P.O. Box 4000__
__Stormville__, New York __12582-4000__

**GREEN HAVEN CORRECTIONAL FACILITY**
P.O. BOX 4000
STORMVILLE, NEW YORK  12582-4000

NAME: Anthony Rucano     DIN: 11A0528

NEOPOST
12/18/2018
US POSTAGE $000.89⁰

ZIP 12582
041L11259010

United States District Court
Eastern District of New York
Att: Pro-Se Clerk
225 Cadman Plaza East
Brooklyn, New York 11201


USMS

Case # 18-CV-4586 (KAM)

Legal Mail