RECEIVED
JAN 03 2019
PRO SE OFFICE

United States District Court
Eastern District of New York

Anthony Rucano,
        Petitioner-Defendant,

    -Against-

J. LaManna,
        Respondent.

Reply Declaration In Support of Motion Pursuant To Rule 6(a) of The Rules Governing §2254 Cases

Case # 18-CV-4586 (KAM)

Petitioner Anthony Rucano declares under penalty of perjury that the foregoing is true and correct.

1. I am the Petitioner in the above entitled action, and I submit this reply Declaration in response to Respondents Affidavit in Opposition for Discovery Upon Good Cause Shown.

2. The Respondent asserts that my request should be limited to the holdings of Bracy, showing convictions of a public official to support my requests. This is simply not the case. The standard clearly states that upon presentation of "specific allegations" that will give this Court "reason to believe that the Petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief"; Good Cause will be shown in support of granting discovery.

3. The respondent has chosen to ignore the fact that this Petitioner has provided records obtained with the help of the Connecticut Attorney Generals Office establishing that records submitted under subpoena from Trial Judge Stephen J. Rooney prior to my trial starting, by Licensed Clinical Social Worker Anna Lorusso-Moramarco, were falsified; amounting to criminal law offenses, that the Richmond County District Attorneys Office was provided proof of multiple times, but in which no action has been taken to prosecute.

-1-

4. The respondents statement that I have "fail[ed] to explain, in paragraph 6 and 7, how the billing of the victims therapy sessions has any bearing on this case", is a blatant mis-statement of the records submitted to the trial court in my Article 440 and to multiple district attorneys that I have provided these records to over the years, as I have provided copies of with my Habeas Petition initially filed as Exhibit "A".

5. The alleged "victim's therapy sessions" were actually couples counseling sessions billed to my insurance, and said session notes talk almost exclusively about me. Records obtained by AETNA by the Connecticut Attorney General irrefutably establish that the complainant, Duane Ramos, was never part of my health care insurance. She saw Ms. Maramarco on seperate dates in seperate sessions billed to her own private insurance.

6. The court records involving my malpractice lawsuit against Ms. Maramarco irrefutably establish, in a sworn affidavit submitted by Ms. Maramarco in Richmond County Supreme Court under Index # 102435-12, that she stated that she never provided services to me in ANY fashion (A.D. 9-22, Ex. "3-A"). So how did she obtain my private health care insurance information and bill AETNA for 3 sessions? Either (A) I was a patient of hers and I gave it to her or (B) The complainant provided it to Ms. Maramarco and fraudulently represented it as being her own insurance, a criminal offense.

7. The respondent, for lack of a better term, is acting in the same fashion as a horse with blinders on, refusing to see the "forest for the trees". These records are synonymous with the type of proof of corruption that is supported by evidence in <u>Bracy</u>, and the respondents willful ignorance of these irrefutable facts can only be assumed to be reflective of the regular policy, procedure and practice of their office to do "whatever it takes" to uphold erroneous prosecutions and convictions. The fish are in the net and are being weighed, the only question is a determination of the price to pay and by who.

8. The Respondent then utilizes the next paragraph in their opposition to go further into the "land of the lost", misleading and mischaracterizing the facts by stating "That the date stamp on a fax failed to match a date on which defendant appeared in court is ... of no obvious significance."

9. In fact, I specifically stated that (A) The copy of 190.50 notice on file with the court was copied crooked to purposely omit the date/time fax stamp indicating when it was faxed to my attorney; (B) The notice was dated 9/30/09, a date one day before my arraignment on felony complaint and one day before I saw my attorney for the first time, and (C) The date of 9/30/09 and the alleged date I was being allowed to testify, 10-5-09, both look visibly altered/changed, and finally (D) The 190.50 notice that I obtained through FOIL one year after my conviction reveals the date/time fax stamp read "SEPT-10-2009 10:50", almost 3 weeks <u>before</u> I was arrested and more importantly, <u>Before the crime allegedly occured</u>!

10. Continuing their practice of trying to mislead this court from the substance of my actual request for relief on this point, the Respondent states "More importantly, it is not apparent how a complete and uncut copy of such record would in any way inform defendants understanding of a document he already has in his possession." This statement makes no sense when examining my pleadings in my initial application (see my Initial Rule 6 Application at ¶¶ 10-17). Rather then waste this courts time, I will briefly summarize and state that when viewed in the full context of the Grand Jury proceedings and the numerous record based instances of Prosecutorial misconduct occuring there, which led to 11 of 19 charges being dismissed during the charge conference for lack of evidence because of ADA Katchen "stacking the deck" with crimes he knew had no basis in fact, by allowing the complainant to take the stand at Grand Jury with her diary in hand to read from; this court will see this for what it was, an attempt to hide this misconduct from the light of day

11. The Resulting Retroactive Misjoinder and Prejudicial Spillover that occured at trial because of this misconduct at the Grand Jury resulted in my right to a fair trial being violated, and I am confident when the "smoke clears", and this Courts diligence uncovers the truth, Justice will be served not only for me but for many others who have had their rights trampled over by the pervasive misconduct seething out of the Richmond County District Attorneys Office at the hands of ADA Anthony Katchen and his supervisor on this case, now New York County Criminal Court Judge Rageswari.

12. In conclusion, the Petitioner relies on the facts presented herein and in his initiating papers, including the exhibits referenced in my original Rule 6 application, and prays that this Court finds that I have provided substantial proof providing good cause shown permitting me to obtain <u>certified</u> records from AETNA, necessary for this Court to afford their contents with full weight, and the production of phone records in-camera to establish who and what was faxed at 10:55 AM on Sept. 10th, 2009; as I have met my "heavy burden in establishing a right to [the] discovery" that I seek (<u>Renis v. Thomas</u>, 2003 WL 22358799 * 2 [S.D.N.Y. 2003]; citing <u>Bracy v. Gramley</u>, 520 US 899, 904 [1997]).

13. On a final note, the Petitioner continues to assert his need for counsel, a point he diligently and repeatedly argued at every procedural step in his post-conviction Practice in N.Y. State Courts, as the denial of counsel lies at the foundation of my claims that N.Y. States convoluted Statutory and Procedural scheme prevents the vindication of my Federal Rights under the Federal Doctrine of Structural and Procedural Adequacy.

14. As Senior U.S. Dist. Ct. Judge Jack B. Weinstein stated in <u>Garcia v. Herbert</u>, 2018 WL 6272778 (EDNY, Nov. 30th, 2018), "The Present rule of no right to counsel on a collateral attack should be stood on its head..." Id. at * 4.; and "an experienced Practicioner", if appointed by this Court, will speed the time up it takes to resolve this Petition.

WHEREFORE, As the Petitioner has demonstrated Good Cause shown by Presenting specific Allegations with irrefutable record based support that give this Court reason to believe that the Petitioner may, if the facts are fully developed, be able to determine that he is entitled to relief, he respectfully requests that this Court issue AN ORDER granting the Discovery requested herein, and for such other and further relief that this Court deems Just and Proper.

Pursuant to 28 U.S.C. §1746, I declare under Penalty of Perjury that the foregoing is true and correct.

Signed this 29th Day of December, 2018

Respectfully Submitted,

*Anthony Rucano*
Anthony Rucano, Pro-Se, 11A0528
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-4000

-5-

United States District Court For the Eastern District of New York

------------------------------------

Anthony Rucano,

                Plaintiff,

       -v-

J. La Manna,

                Defendants,

------------------------------------

: 18 -CV- 4586

( KAM )( FILED

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ JAN 03 2018 ★

BROOKLYN OFFICE

I am an inmate confined to an institution, __Green Haven__ Correctional Facility in __Stormville__, New York. Today, __December 30th__, 20__18__, I am depositing __the Reply Declaration In Support of Motion Pursuant to Rule 6 (A) of the Rules Governing § 2254 Cases__ in this case in the institution's internal mail system. First Class Postage is being prepaid either by me or by the institution on my behalf.

I declare under Penalty of Perjury that the foregoing is true and correct (see 28 U.S.C. § 1746, 18 U.S.C. § 1621).

Signed on __December 30th__, 20__18__

                                                Respectfully Submitted,

                                                *Anthony Rucano*

                                                Anthony Rucano, 11A0528
                                                Green Haven Corr. Facility
                                                Stormville, N.Y. 12582-4000

[Stamp: RECEIVED JAN 03 2019 PRO SE OFFICE]

**GREEN HAVEN CORRECTIONAL FACILITY**
P.O. BOX 4000
STORMVILLE, NEW YORK  12582-4000
NAME: Anthony Rucano   DIN: 11A0528



NEOPOST            FIRST-CLASS MAIL
12/31/2018
US POSTAGE $000.47⁰



ZIP 12582
041L11259010

United States District Court
Eastern District of New York
Att: Pro-Se Clerk
225 Cadman Plaza East
Brooklyn, N.Y. 11201



18-CV-4586 (KAM)

1120131818 C030

Legal Mail